POWESHIEK COUNTY for the use of the School Fund,
Appellant, v. S. A. ALLEN *et al.*

WHERE payment of a school fund mortgage finally reaches the treasury of
the county, satisfaction of it will not be canceled because payment
was made to the auditor instead of the treasurer.

*Appeal from Poweshiek District Court.*—HON. A. R.
DEWEY, Judge.

THURSDAY, FEBRUARY 1, 1894.

ACTION in equity to foreclose a school fund mort-
gage upon certain real estate. There was a full hearing
on the merits of the case, and a decree for the defend-
ants. Plaintiff appeals.—*Affirmed.*

*J. P. Lyman* for appellant.

*J. W. Carr.* and *W. H. Redman* for appellees.

ROTHROCK, J.—On the twenty-fifth day of Febru-
ary, 1881, the defendant Allen executed a mortgage to
the plaintiff to secure a school fund loan in the sum of
five hundred dollars. Payments of principal and inter-
est were made from time to time, which are conceded
to be proper credits on the loan. On the twenty-sixth
day of February, 1884, Allen paid the auditor of the
county the sum of forty dollars and fifty-three cents,
and on the twenty-eighth day of October, 1886, he paid
to the auditor the balance due on said loan, in full of
principal and interest. The fact that full payment was
made to the auditor is not disputed. At the time of
final payment the auditor receipted therefor, and can-
celed and released the mortgage of record. The plain-
tiff seeks to set aside the cancellation of the mortgage,
upon the ground that Allen did not make payment to

the treasurer of the county. In other words, it is claimed Allen ought to pay the said balances due on his mortgage twice, because he did not make payment to the officer whom the law designates as the proper functionary to receive payments on school fund loans. A large mass of evidence was introduced on the trial of the case which tends to show that the management of the different county funds, under the express direction of the board of supervisors, was, to say the least, very irregular. It appears by a very decided preponderance of the evidence that the board of supervisors authorized and directed the auditor to receive payments made on school fund loans. Without determining any question which arises on this manner of transacting the business of the county, we think the case may be disposed of by the fact that the evidence shows by a clear preponderance that the auditor actually paid to the treasurer the two amounts of money which are in dispute. The auditor testified positively that he made the payments to the treasurer. This testimony is not contradicted by any evidence in the case. If the accounts of the offices of the treasurer and auditor had been kept as they ought to have been, and the auditor did not in fact make payment to the treasurer, the records would show the exact fact. But it is impossible to ascertain from the books of the treasurer whether the payments were made to him or not. We think that it ought to be found that the money went into the treasury of the county. If the money reached the treasurer, the payment was complete, and the cancellation of the mortgage was right. *Poweshiek Co. v. Buttles*, 70 Iowa, 246, 30 N. W. Rep. 558. It ought to require a much stronger case than the plaintiff made to compel Allen to pay his debt twice. AFFIRMED.